FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 20, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br>  v.<br><br>JUAN RAYA-GUTIERREZ, also known as Juan R. Gutierrez, also known as Juan G. Raya; MARIA ELENA RAYA AGUIRRE, also known as Maria Elena Raya, also known as Maria Aguirre, also known as Maria Raya; STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES; CAPITAL ONE BANK (USA) NA; CAVALRY SPV I, LLC; ARMANDO RAYA; JUAN RAYA, JR.; ELIZABETH RAYA; and JUAN GEORGE RAYA,<br><br>         Defendants. | NO: 1:16-CV-3198-RMP<br><br>ORDER OF SALE<br><br>**\*\*U.S. Marshal Action Required\*\*** |

On November 21, 2018, following an order granting default judgment, this Court entered its judgment in favor of the United States against Defendants Juan Raya-Gutierrez and Maria Elena Raya-Aguirre. *See* ECF Nos. 27 and 28. On February 5, 2019, the United States moved for an Order of Foreclosure Sale and to

ORDER OF SALE ~ 1

Vacate, ECF No. 29.  Defendants did not respond to the motion by the response deadline provided in Local Civil Rule 7(c) and have not participated in the above-captioned matter.

Accordingly, **IT IS HEREBY ORDERED** that the United States' Motion for an Order of Foreclosure Sale and to Vacate, **ECF No. 29**, is **GRANTED**.  The United States Marshal for the Eastern District of Washington, or his representative (collectively, "U.S. Marshal"), is directed, in accordance with the judgment rendered in the above-entitled cause, to sell the property situated in Benton County, Washington, more particularly described as follows:

> Sec 31, T9, R24, Lots 2 and 3, Short Plat No. 2661, as recorded under Auditor's File No. 2002-031467, Records of Benton County, Washington.
>
> Situated in Benton County, State of Washington
>
> Assessor's Parcel Numbers: 131944012661002 & 131944012661003

(hereinafter collectively referred to as the "Property").

You are commanded to provide notice of this Order to Defendants, and any other resident of the Property by hand delivery or by leaving it in a prominent location on the Property.

You are further commanded to make return hereon, with your doings thereon indicated, within sixty (60) days after this date.

/ / /

/ / /

ORDER OF SALE ~ 2

**(1) The terms of the Sale shall be as follows:**

    a. The U.S. Marshal will be authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property.

    b. The U.S. Marshal or his representative is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

    c. The sale of the Property shall be free and clear of any right, title, or interest in and to said property by Defendants Juan Raya-Gutierrez and Maria Elena Raya-Aguirre, except to the extent that such Defendants have rights of redemption under Revised Code of Washington ("RCW") chapter 6.23 or excess funds under RCW chapter 6.21; however, Defendants Juan Raya-Gutierrez and Maria Elena Raya-Aguirre have waived their right to redemption. ECF No. 19-1 at 3.

    d. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any.

e. The sale shall be held at the courthouse of the county in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, and shall be announced in the Notice of Sale.

f. The date and time for sale are to be announced by the U.S. Marshal in the Notice of Sale.

g. The Notice of Sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Benton County, and, at the discretion of the U.S. Marshal, by any other notice deemed appropriate. The notice shall contain: a description of the Property; the time, date, and location of the sale as determined by the U.S. Marshal; the minimum bid as determined by the United States; and the terms and conditions of sale listed in paragraphs i – o below.

h. The minimum bid will be set by the United States for the Property by its credit bid at auction;

i. The successful bidder for the Property shall be required to deposit at the time of the same with the U.S. Marshala minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the Eastern District of Washington. Before being permitted to bid at the sale,

ORDER OF SALE ~ 4

bidders shall display to the U.S. Marshal proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this Order of Sale;

j. The balance of the purchase price for the Property is to be paid to the U.S. Marshal within twenty days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of Washington. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the Judgment of Defendants at issue herein. The Property shall again be offered for sale under the terms and conditions of this Order of Sale, or, in the alternative, sold to the second highest bidder;

k. The sale of the Property shall be subject to confirmation by the Court. The U.S. Marshal shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within thirty days from the date of receipt of the balance of the purchase price;

l. On confirmation of the sale, the U.S. Marshal shall execute and deliver a certificate of sale. Upon the expiration of the redemption

ORDER OF SALE ~ 5

period, absent a redemption, the deed shall be executed and delivered immediately to the successful bidder.

m. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

n. Any party to this suit may become a purchaser at such sale. The United States may bid as a credit against its judgment without tender of cash; and

o. The sale will be "as is" and without warranty of any kind.

**(2) Order to vacate Property**.

a. Until the Property is sold, Defendants shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in their current condition including, without limitation, maintaining a fire and casualty insurance policy. Defendants shall neither commit waste against the Property nor cause or permit anyone else to do so. Defendants shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. Defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect

the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

b. All persons occupying the Property shall leave and vacate the Property permanently **within thirty days of the date of this Order**, each taking with them his or her personal property and also leaving all improvements, buildings, fixtures, and appurtenances to the Property. If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the U.S. Marshal is authorized to take whatever action it deems appropriate to remove such person from the premises. Specifically, the U.S. Marshal is authorized and directed to take all actions necessary to enter the Property at any time of the day or night and evict and eject all unauthorized persons located there, including Defendants, or any other occupants. To accomplish this and to otherwise enforce this Order, the U.S. Marshal shall be authorized to enter the Property and any and all structures and vehicles located thereon, and to use force as necessary. When the U.S. Marshal concludes that all unauthorized persons have vacated, or have been evicted from the Property, he shall relinquish possession and custody of the Property to the United States, or, more specifically, to the the Farm Services Agency (or its designee). No

person shall be permitted to return to the Property and/or remain thereon without the express written authorization by the U.S. Marshal and/or the Farm Service Agency, and/or the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the Property during the time this Order is in effect may be ejected by the U.S. Marshal without further order of the Court.

    c. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the U.S. Marshal is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

    d. Any failure to vacate the Property, or any attempt to reenter the Property after the vacate date, could subject that person to being found in contempt of court, and such contempt could be punishable by fine, incarceration, or both.

**(3)** **Distribution of proceeds**.

    a.    The proceeds arising from sales are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

        i.    To the United States for the costs of the sale, including: the costs and commissions of the U.S. Marshal and any professional auctioneer if retained; and the costs of advertising, selling, and conveying the property incurred by the Government.

        ii.    To the United States to be applied to the judgment of Defendants Juan Raya-Gutierrez and Maria Elena Raya-Aguirre at issue here plus all interest and costs due and owing thereon.

        iii.    Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel, the Finance Department of the Clerk's Office, and the United States Marshal.

**DATED** this February 20, 2019

                                  *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                                    United States District Judge